David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Clarissa Dix*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CLARISSA DIX, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| AD ASTRA RECOVERY SERVICES, INC, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff Clarissa Dix, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the

harassment of Plaintiff by Defendant in its illegal efforts to collect a consumer debt. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. Plaintiff Clarissa Dix ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Upon information and belief, Defendant Ad Astra Recovery Services, Inc ("Ad Astra") is doing business in the State of Nevada as a licensed collection agency.

6. Ad Astra holds itself out in the community as collecting and servicing the unpaid debts from third-party creditors and its primary business is the collection of debts.

7. As Astra is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation ("Debt") to Rapid Cash ("Original Creditor").

9. The Debt arose from a personal loan from Rapid Cash to Plaintiff, which was incurred to help Plaintiff cover shortfalls in Plaintiff's living expenses and was primarily for family, personal, or household purposes.

10. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned, or transferred to Ad Astra for collection, or Ad Astra was employed by the Original Creditor to collect the Debt.

12. Ad Astra attempted to collect the Debt, sending collection letters to Plaintiff demanding the payment in the amount of $1,262.55.  As such, Ad Astra engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

13. Ad Astra identified Plaintiff's collection account with the following partial account number:   ****-*-*****6468.

**B. Ad Astra's Harassment, Oppression and Abusive Collection Conduct**

14. On September 24, 2020, Plaintiff filed for Chapter7 Bankruptcy in US Bankruptcy Court for the District of Nevada.  Plaintiff's case was assigned number 20-14757-nmc ("Bankruptcy").

15. Plaintiff scheduled the Debt in the Bankruptcy.  *See* Bankruptcy Schedule E/F (Creditor Nos. 4.2 & 4.3), which appears on the Bankruptcy Court

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

docket as ECF No. 1.

[Form excerpt showing two creditor entries for AD ASTRA RECOVERY SERVICES, INC., 7330 WEST 33RD STREET NORTH, SUITE #110, WICHITA, KS 67205. First entry: Last 4 digits of account number 6468, debt incurred 10/01/2019, amount $1,262.55, Debtor 1 only, Other: Collection Agency, not subject to offset. Second entry: Last 4 digits of account number 1187, debt incurred 10/01/2019, amount $249.98, Debtor 1 only, Other: Collection Agency, not subject to offset.]

16.     Ad Astra received notice of the Bankruptcy through the Bankruptcy Court's BNC noticing system.  *See* Bankruptcy ECF No. 8.

[Certificate of Notice excerpt: Case 20-14757-nmc, Doc 8, Entered 09/27/20 21:31:03, Page 1 of 3. United States Bankruptcy Court, District of Nevada. In re: CLARISSA TRUCE DIX, Debtor. Case No. 20-14757-nmc, Chapter 7. District/off: 0978-2, User: admin, Form ID: 309A, Page 1 of 1, Total Noticed: 23, Date Rcvd: Sep 25, 2020. Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 27, 2020. db +CLARISSA TRUCE DIX, 2635 WYANDOTTE STREET #4, LAS VEGAS, NV 89102-6434. 11295425 +AD ASTRA RECOVERY SERVICES, INC., 7330 WEST 33RD STREET NORTH, SUITE #110, WICHITA, KS 67205-9370.]

17.     On December 29, 2020, the Bankruptcy Court entered an order of discharge in the Bankruptcy.  *See* Bankruptcy ECF No. 12.

18.     Ad Astra received notice of Plaintiff's discharge, again through the

Bankruptcy Court's BNC noticing system.  See Bankruptcy ECF No. 13.

> Case 20-14757-nmc    Doc 13    Entered 12/31/20 22:00:23    Page 1 of 4
>
> **United States Bankruptcy Court**
> **District of Nevada**
>
> In re:                                                                      Case No. 20-14757-nmc
> CLARISSA TRUCE DIX                                                          Chapter 7
>     Debtor(s)
>
> **CERTIFICATE OF NOTICE**
>
> District/off: 0978-2          User: admin                          Page 1 of 2
> Date Rcvd: Dec 29, 2020       Form ID: 318                          Total Noticed: 23
>
> The following symbols are used throughout this certificate:
> Symbol    Definition
>   +       Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.
>
> Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 31, 2020:
> Recip ID     Recipient Name and Address
> db         + CLARISSA TRUCE DIX, 2635 WYANDOTTE STREET #4, LAS VEGAS, NV 89102-6434
> aty        + CHAD M. GOLIGHTLY, FAIR FEE LEGAL SERVICES, 8665 SOUTH EASTERN AVE, STE 101, LAS VEGAS, NV 89123-2802
> 11295425   + AD ASTRA RECOVERY SERVICES, INC., 7330 WEST 33RD STREET NORTH, SUITE #110, WICHITA, KS 67205-9370

19. Ad Astra knew or should have known that a discharge in Plaintiff's Bankruptcy operated as an injunction against the commencement or continuation of any action or any act to collect, recover or offset the Debt against Plaintiff as a personal liability of Plaintiff.  See 11 U.S.C. § 524(a)(2).

20. Additionally, the Order of Discharge in Plaintiff's Bankruptcy constitutes written communications on behalf of Plaintiff directing Ad Astra to cease all contact and communications with Plaintiff about the Debt.

21. However, despite Ad Astra's knowledge of the discharge of the Debt, Ad Astra engaged in intentional and willful collections tactics in an effort to collect the Debt from Plaintiff after notice of the discharge.

22. Specifically, Ad Astra sent two collection letters to Plaintiff, dated February 1, 2021, demanding Plaintiff pay $1,262.55 and $249.98 on the (now

discharged) Debt threatening to report negative credit information to a credit reporting agency, as shown below:



Suite 118
7330 W. 33rd Street N.
Wichita, KS 67205
Telephone 866-398-2089
Fax 316-771-8880

02/01/2021



File #: ███████

Dear Clarissa Dix,

As you may know the balance on your Installment Bankline Loan with Rapid Cash remains unpaid and has been placed with this agency for recovery. Be advised that this agency has made multiple attempts to contact you and attempt to arrange for payment on this debt. Your account remains past due, with a balance due as set forth below:

Total Amount Due: $1,262.55

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Please send payment with this notice or contact our office immediately for payment arrangements.

If there is some reason why you are unable to remit your payment, please call us and let's discuss the problem. We still may be able to set up a payment arrangement that will work for both of us.

This communication is from a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Ad Astra Recovery Services Inc.

**AD ASTRA**
RECOVERY SERVICES, INC.

Suite 118
7330 W. 33rd Street N.
Wichita, KS 67205
Telephone 866-398-2089
Fax 316-771-8860

02/01/2021

File #: ▓▓▓▓▓▓▓▓

Dear Clarissa Dix,

As you may know the balance on your Installment Bankline Loan with Rapid Cash remains unpaid and has been placed with this agency for recovery. Be advised that this agency has made multiple attempts to contact you and attempt to arrange for payment on this debt. Your account remains past due, with a balance due as set forth below:

Total Amount Due: $249.98

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Please send payment with this notice or contact our office immediately for payment arrangements.

If there is some reason why you are unable to remit your payment, please call us and let's discuss the problem. We still may be able to set up a payment arrangement that will work for both of us.

**This communication is from a debt collector, this is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Ad Astra Recovery Services Inc.

23. At the time Ad Astra willfully sent these two collection letters to Plaintiff, Ad Astra knew Plaintiff's personal liability on the Debt has been discharged and that Ad Astra had no basis or grounds to collect $1,262.55 and $249.98 from Plaintiff or report ongoing balances owed with a credit reporting agency.

24. Alternatively, Ad Astra's conduct was reckless and/or negligent in sending the two demand letters to Plaintiff, demanding payment of a Debt in an amount that was not owed and threatening credit reporting actions that were inaccurate and incorrect and that could not legally be taken.

///

C. **Plaintiff Suffered Actual Damages**

25. Plaintiff has suffered and continues to suffer actual damages as a result of Ad Astra's unlawful conduct.

26. As a direct consequence of Ad Astra's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

27. Plaintiff also feels the benefit of the Bankruptcy has been lost, as Ad Astra continues to harass her into paying a debt she no longer owes.

28. Plaintiff has had to retain the services of an attorney to stop Ad Astra's harassment, oppression and abusive debt collection conduct.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant engaged in communication with Plaintiff after written notification that Plaintiff refuses to pay the Debt, or that Plaintiff requested Defendant to cease communication with Plaintiff.

31. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant

engaged in false, deceptive, or misleading behavior in connection with the collection of a debt, falsely asserting that Plaintiff owed $1,262.55 and $249.98 on the Debt for which Plaintiff had no personal liability, threatening to report inaccurate and incorrect credit information to credit reporting agencies, and continuing to send communications and contact Plaintiff about the Debt despite receiving the Order of Discharge directing that all further communications about the Debt cease.

32. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

33. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against Plaintiff which it could not legally take or did not intend to take in collection of a debt.

34. Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant communicated or threatened to communicate false credit information in an attempt to collect the Debt.

35. The foregoing conduct relating to these FDCPA claims is not predicated on a violation of a discharge order, nor does Plaintiff seek relief for violation of a discharge order. Conversely, these FDCPA claims are predicated on Defendant's misrepresentations of the amount owed through Defendant's

collection communications and debt collection efforts regarding the Debt.

36. Unlike the plaintiff in Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 9th Cir. 2002), Plaintiff herein is not alleging under this Count that Defendant engaged in unfair and unconscionable collection practices, which are forbidden by the FDCPA, by trying to collect a debt in violation of the discharge injunction. Instead, Plaintiff raises an entirely different claim based on Defendant's misrepresentation of the amount actually owed on the Debt, which is a legally and factually distinct claim from Walls' allegations of FDCPA violations flowing from a creditor's discharge violations. Neither is Plaintiff seeking redress under any provision of the Bankruptcy Code as none exists to provide a remedy for Defendant's collection misrepresentations.

37. Plaintiff is not seeking a private right of action under the Bankruptcy Code as there is no independent basis under the Bankruptcy Code to provide redress to Plaintiff for Defendant's misrepresentation of the correct and lawful amount of the Debt.

38. Plaintiff also does not suggest that the Bankruptcy Code may be used to create substantive rights for a private right of action thereunder for Defendant's FDCPA collection violations. These FDCPA claims are remote from the Bankruptcy Code and operate as their own independent claims under non-bankruptcy law.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. Plaintiff is entitled to damages as a result of Defendant's violations.

41. Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

### **COUNT I.**

### **VIOLATIONS OF 15 U.S.C. § 1692**

1. actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. punitive damages; and

4. any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 16, 2021

                                  Respectfully submitted,

By   /s/ David Krieger, Esq.
       David Krieger, Esq.
       Nevada Bar No. 9086
       Shawn Miller, Esq.
       Nevada Bar No. 7825
       KRIEGER LAW GROUP, LLC
       2850 W. Horizon Ridge Parkway
       Suite 200
       Henderson, Nevada 89052
       Phone: (702) 848-3855
       Email: dkrieger@kriegerlawgroup.com
       Email: smiller@kriegerlawgroup.com